IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS W. JONES-BEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JAMES SHERMAN, Warden, )<br>)<br>Respondent. ) | Civil Action No. 04-153E<br>JUDGE SEAN McLAUGHLIN<br>MAGISTRATE JUDGE BAXTER |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.

**II.    REPORT**

This is a petition filed pursuant to 28 U.S.C. § 2241 by Douglas W. Jones-Bey who is a federal prisoner serving a sentence of 3 to 9 years imposed on November 21, 2000, in the United States District Court for the District of Columbia Superior Court. Jones-Bey alleges that the United States Parole Commission acted improperly in its January 2003 decision denying him parole. Specifically, Petitioner asserts that the Commission erred in: (1) denying a one point reduction for "superior program achievement;" (2) adding one point for "negative institutional behavior;" and (3) failing to follow guidelines in establishing a rehearing date (Docket #2, ¶11(A-C)).  A response has been filed (Docket #5) in which Respondent asserts that Petitioner's claims are a result of his confusion concerning the appropriate parole guidelines which apply.  More particularly, Respondent argues that Petitioner's arguments are premised upon regulations applicable to DC offenders who had an initial hearing between August 5, 1998 and December 4, 2000.  In fact, a later version of the regulations applies to Petitioner's case, making his claims meritless.

   **A.    Procedural history.**

Petitioner was convicted of robbery and sentenced in November 2000. He was first eligible for a hearing before the United States Parole Commission in November 2002, and the

Commission held a hearing and ultimately denied parole on January 9, 2003 (Docket #5, Exhibit C). The Commission's decision reflects that there was no superior program achievement awarded; 2 months were added in the "Disciplinary Guideline Range" reflecting a 12/27/01 disciplinary report for Possession of Contraband; and a rehearing date was set for 36 months or January 2006 (Docket #5, Government's Exhibit B).

### B.  Applicable legal standard.

Initially, it should be noted that a petition pursuant to § 2241 is the proper method for challenging the actions of the United States Parole Commission. See, e.g., U.S. v. Kennedy, 851 F.2d 689, 691 & n. 4 (3d Cir.1988) (challenge to parole commission's execution of federal sentence properly challenged under Section 2241). However, the standard of review of the Parole Commission's determination is "extremely deferential." Furnari v. Warden, Allenwood Federal Correctional Institution, 218 F.3d 250 (3d Cir.2000). The court must affirm the Parole Commission's decision as long as 'there is a rational basis in the record for the [Parole Commission's] conclusions embodied in its statement of reasons.' Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir.1976)).

### C.  Petitioner's claims.

The first argument made by Jones-Bey is that he was entitled to a reduction in his Base Point Score (part of the formula used to determine the appropriate parole guideline) for superior program achievement while incarcerated. The applicable guideline appears at 28 C.F.R. § 2.80(e)(1)(2002), and states that any credit "may" be granted by the Commission and is, therefore, discretionary. Petitioner's argument makes clear that he is relying upon an earlier version of the same guideline, which is no longer applicable. Petitioner's claim does not warrant relief.

Petitioner also argues that he was improperly given an increase in his Base Point Score for negative institution behavior. This is incorrect. He guideline range was increased by 2 months due to a disciplinary infraction. This action was entirely within the Commission's discretion pursuant to 28 C.F.R. § 2.80(j)(2002). Petitioner's reference to an increase in his Base Point Score again

indicates that he is referring to a now outdated version of the guidelines. This claim also lacks merit.

Finally, Petitioner asserts that the Commission applied the wrong standard in setting his new parole hearing date for January 2006. His argument, however, is premised upon his previous two arguments, i.e., if he is correct that the Commission erred in increasing his guideline range, then the calculation of his rehearing was also incorrect. The failure of Petitioner's prior two claims likewise defeats this claim. And, in any event, the new hearing has already occurred, making the claim concerning the date of such a hearing moot.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: February 22, 2006